Filed: February 7, 2002


IN THE SUPREME COURT OF THE STATE OF OREGON



JAY CHAMBERLIN,

 Petitioner,


 v.



HARDY MYERS,
Attorney General,
State of Oregon,

 Respondent.


(SC S49035, S49036)
(Consolidated for Opinion)



 En Banc


 On petitions to review ballot titles.


 Argued and submitted January 14, 2002.


 Steven C. Berman, of Stoll Stoll Berne Lokting & Shlachter,
P.C., Portland, argued the cause and filed the petitions for
petitioner.

 

 Jas. Jeffrey Adams, Assistant Attorney General, Salem,
argued the cause and filed the answering memoranda for
respondent. With him on the answering memoranda were Hardy
Myers, Attorney General, and Michael D. Reynolds, Solicitor
General.


 PER CURIAM


 Ballot titles certified. This decision shall become
effective in accordance with ORAP 11.30(11).


 PER CURIAM

 These two ballot title review proceedings have been
consolidated for opinion. Petitioner challenges various aspects
of the Attorney General's certified ballot titles for two
proposed initiative measures, which the Secretary of State has
denominated as Initiative Petition 124 (2002) and Initiative
Petition 125 (2002). (1) We review the Attorney General's certified
ballot titles to determine whether they substantially comply with
the requirements of ORS 250.035(2)(a) to (d). See ORS 250.085(5)
(setting out standard of review).

 We have considered petitioner's arguments respecting
each of the challenged ballot titles and determine that they are
not well taken. We certify to the Secretary of State the
following ballot title for Initiative Petition 124 (2002):


MODIFIES LAWS LIMITING EXCLUSIVE FARM
USE ZONE DEVELOPMENT: REQUIRES ALLOWING
SINGLE-FAMILY DWELLING PER LOT


 RESULT OF "YES" VOTE: "Yes" vote modifies state,
local laws limiting development in exclusive farm use
zones: requires allowing single-family dwelling as use
on lot without existing dwelling.


 RESULT OF "NO" VOTE: "No" vote retains current laws
limiting development in exclusive farm use zones, while
authorizing building, siting new residential dwellings
when certain required conditions are met.


 SUMMARY: Current local and state laws limit
development in exclusive farm use zones, while
authorizing building or siting new residential
dwellings when certain required conditions are met. 
Measure modifies current residential development laws
in exclusive farm use zones by providing that a single-family dwelling, on lawfully created lots or parcels on
which there is no dwelling, is a use that must be
allowed in exclusive farm use zones. Allows some
counties to impose reasonable conditions when approving
dwellings to ensure adequate services and facilities. 
Allows some counties to condition or deny approval of
dwellings to comply with floodplain laws or comply with
or implement federal laws. Declares policy. Applies
to lots or parcels acquired or lawfully created before,
on, or after effective date of measure.


 We certify the to the Secretary of State the following
ballot title for Initiative Petition 125 (2002):

MODIFIES LAWS LIMITING EXCLUSIVE FARM
USE ZONE DEVELOPMENT: REQUIRES ALLOWING
SINGLE-FAMILY DWELLING ON LOT



 RESULT OF "YES" VOTE: "Yes" vote modifies state,
local laws limiting development in exclusive farm use
zones: requires allowing single-family dwelling as use
on lot without existing dwelling.


 RESULT OF "NO" VOTE: "No" vote retains current
laws limiting development in exclusive farm use zones,
while authorizing building, siting new residential
dwellings when certain required conditions are met.


 SUMMARY: Current local and state laws limit
development in exclusive farm use zones, while
authorizing building or siting new residential
dwellings when certain required conditions are met. 
Measure modifies current residential development laws
in exclusive farm use zones by providing that a single-family dwelling, on lawfully created lots or parcels on
which there is no dwelling, is a use that must be
allowed in exclusive farm use zones. Allows some
counties to impose reasonable conditions when approving
dwellings to ensure adequate services, facilities. 
Allows some counties to condition, deny approval of
dwellings to comply with floodplain or federal laws. 
Prohibits Land Conservation and Development Commission
from adopting, enforcing any new or existing rule that
limits or prohibits uses authorized by measure. 
Declares policy. Other provisions.


 Ballot titles certified. This decision shall become
effective in accordance with ORAP 11.30(11).



1. The two measures (and the ballot titles that the
Attorney General certified for each) are essentially identical,
with Initiative Petition 125 containing one additional provision
not found in Initiative Petition 124. The differences in the two
proposed measures, and in the two ballot titles certified for
them by the Attorney General, are not material to these
proceedings.

Return to previous location.